UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re:<br><br>　　KRYSTA NICOLE GENTRY,<br><br>　　　　Debtor. | Case No.  20-13708 SAH<br><br>Chapter 7 |
| JOHN MASHBURN, U.S. Bankruptcy Trustee of the Bankruptcy Estate of Krysta Nicole Gentry,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KRYSTA NICOLE GENTRY; WILLIAM T. HOLLIS; PAMELA SUE HOLLIS; and DKG INVESTMENTS, LLC.<br><br>　　　　Defendants. | Adversary No. 21 –　　　　SAH |

**COMPLAINT TO DENY DISCHARGE OF DEBTOR, TO AVOID
FRAUDULENT OR PREFERENTIAL TRANSFERS AND
<u>FOR TURNOVER OF PROPERTY AND/OR FUNDS</u>**

COMES NOW, John Mashburn, United States Bankruptcy Trustee in the above-referenced bankruptcy (herein "**Trustee**"), and for his cause of action against the Defendants brings the above-described Complaint and in support thereof alleges and states:

<u>**JURISDICTION AND VENUE**</u>

1.　　This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1134 and 157.

2. This is a core proceeding as designated by 28 U.S.C. § 157.

3. This action is brought pursuant to, *inter alia*, the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §§ 541, 542, 544, 548, 550, 727(a)(2) and 727(a)(4) and Oklahoma law.

4. The Plaintiff, Trustee consents to the entry of final orders or judgment by this Court on any issue in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7008.

5. The debtor, KRYSTA NICOLE GENTRY, fka Krysta N. Watson, fka Krysta Nicole Hollis, (herein "**Debtor**"), filed her Petition for Relief and accompanying Schedules and Statement of Financial Affairs (hereafter collectively the "**Schedules**"), on November 20, 2020.

6. On December 22, 2020, the 11 U.S.C. § 341 first meeting of creditors was held and concluded.

7. The deadline for filing complaints objecting to discharge or dischargeability of debts is February 20, 2021.

8. The Defendants, WILLIAM T. HOLLIS and PAMELA SUE HOLLIS (herein "**Debtor's Parents**"), are the father and mother of Debtor and are therefore insiders of Debtor.

9. The Defendant, DKG INVESTMENTS, LLC, (herein "**DKG**"), is an Oklahoma Limited Liability Company formed by Debtor January 21, 2020, and currently owned by Debtor.

10. This is an action brought to deny the discharge of Debtor, Krysta Nicole Gentry, to avoid certain fraudulent and/or preferential transfers and to recover such transferred property of and from the Defendants.

## INTRODUCTION AND PERTINENT SUPPORTING FACTS

11. On January 22, 2020, by Joint Tenancy Quitclaim Deed recorded in Oklahoma County January 23, 2020, at Book RE14244, Page 1654, (herein the "**1/22/20 JT QC Deed**") the Debtor and her sister, Lyndsay D. Cargill fka Lyndsay D. Hollis, as joint tenants, deeded their interest in the following described property to Debtor's Parents, to wit:

> Lot One (1) in Block Five (5), PRESTON HILLS SECTION 2, an Addition to Oklahoma City, Oklahoma County, Oklahoma, according to the recorded plat thereof.
> Street address: 12840 Park Hill Rd, Oklahoma City, OK 73142

(herein "**Subject Property**"),

12. Based upon the claimed exemption from Documentary Stamp Tax - 68 Okla.Stat. § 3202(4) - appearing on the 1/22/20 JT QC Deed, the transfer was made "without actual consideration therefor."

13. Two days after the above transfer, on January 24, 2020, by Quitclaim Deed recorded in Oklahoma County January 27, 2020, at Book RE14246, Page 1691, (herein the "**1/24/20 QC Deed**"). Debtor's Parents, deeded their interest in the Subject Property to: "DKG Investments, LLC, Krysta Watson, Owner residing at 2800 NW 184th St., Edmond, Oklahoma County, Oklahoma 73012" (herein "**DKG**").

14. Based upon the claimed exemption from Documentary Stamp Tax - 68 Okla.Stat. § 3202(4) - appearing on the 1/24/20 QC Deed, the transfer was made "without actual consideration therefor."

15. The Debtor's bankruptcy petition declares "I have not used any business name or EINs." Bankr. Docket #1, Ques. No. 4, at p. 2.

16. Contrary to said petition declaration, Debtor has used the business name of "DKG Investments, LLC," (herein "**DKG**"), formed by Debtor January 21, 2020, and currently owned by Debtor.

17. The Debtor's bankruptcy petition declares Debtor does not rent her residence. Bankr. Docket #1, Ques. No. 11, at p. 3.

18. Contrary to said petition declaration, Debtor in fact rents her residence at 2800 NW 184th St., Edmond, OK 73012.

19. The Debtor's bankruptcy petition declares Debtor does not "own or have any legal or equitable interest in any residence, building, land, or similar property.". Bankr. Docket #1, Ques. No. 1, at p. 10.

20. Contrary to said petition declaration, Debtor in fact owns or has a legal or equitable interest in the Subject Property at 12840 Park Hill Rd, Oklahoma City, OK 73142.

21. The Debtor's bankruptcy petition declares Debtor does not "own, lease, or have legal or equitable interest in any vehicles." Bankr. Docket #1, Ques. No. 3, at p. 10.

22. Contrary to said petition declaration, the Trustee is informed, believes and therefore alleges that Debtor in fact does own, lease, or have legal or equitable interest in a 2006 Black Lexus SUV purchased in November of 2020, and the same is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

23. The Debtor's bankruptcy petition declares Debtor does not own any "Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture." Bankr. Docket #1, Ques. No. 19, at p. 12.

24. Contrary to said petition declaration, Debtor owns an interest in DKG.

4

25. The Debtor's bankruptcy petition declares Debtor does not "own or have any legal or equitable interest in any business-related property." Bankr. Docket #1, Ques. No. 37, at p. 13.

26. Contrary to said petition declaration, Debtor owns or has an equitable interest in the Subject Property which is business-related property of DKG.

27. The Debtor's bankruptcy petition declares Debtor does not "have other property of any kind you did not already list." Bankr. Docket #1, Ques. No. 53, at p. 14.

28. Contrary to said petition declaration, Debtor owns or has an equitable interest in the Subject Property, in DKG and in the 2006 Black Lexus SUV.

29. The Debtor's bankruptcy petition declares Debtor does not have any creditors who "have claims secured by your property." Bankr. Docket #1, Ques. No. 1, at p. 17.

30. Contrary to said petition declaration, according to the records of the Oklahoma County Assessor, Debtor's interest in the Subject Property is subject to past due real property taxes for tax years 2017, 2018, 2019, and 2020, totaling $23,737.13. Such taxes represent creditor's claims secured by the Subject Property.

31. The Debtor's bankruptcy petition at Schedule I states "[i]f you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse." Debtor list no information for a non-filing spouse. Bankr. Docket #1, Introduction, at p. 33.

32. Contrary to said petition declaration, Debtor is married and not separated from her husband as of the petition date. Debtor married Dustin Lee Gentry on March 18, 2020.

33. The Debtor's bankruptcy petition at Schedule J asks "Do your expenses include expenses of people other than yourself and your dependents?" Debtor answers the question "No." Bankr. Docket #1, Ques. No. 3, at p. 35.

5

34. Contrary to said petition declaration, Debtor is married and not separated from her husband as of the petition date. Debtor married Dustin Lee Gentry on March 18, 2020. The Trustee is informed, believes and alleges that in fact said expenses include expense for Debtor's husband, and the same is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

35. The Debtor's bankruptcy petition at the Statement of Financial Affairs asks "Did you have any income from employment or from operating a business during this year or the two previous calendar years?" Debtor answers the question "No." Bankr. Docket #1, Ques. No. 4, at p. 38.

36. The Debtor's bankruptcy petition at Schedule J asks "Did you receive any other income during this year or the two previous calendar years?" Debtor answers the question "No." Bankr. Docket #1, Ques. No. 5, at p. 39.

37. Contrary to said petition's income declarations, Mrs. Gentry was employed until April 2020 and had been employed at Mathis Brothers for 3 years prior. Income from employment as of April 30, 2020, was $31,196.58. Income as of December 31, 2019, according to Debtor's 2019 tax returns, was gross wages of $93,967.00 and gross rents received (from the Subject Property) of $9,300.00: Income as of December 31, 2018, according to Debtor's 2018 tax returns, was gross wages of $90,984.00 and gross rents received (from the Subject Property) of $10,497.00.

38. The Debtor's bankruptcy petition at the Statement of Financial Affairs asks "Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?" Debtor answers the question "No." Bankr. Docket #1, Ques. No. 9, at p. 40.

39. Contrary to said petition declaration, Debtor was a party in the following action: Ok Supreme Court case PR-119035, *Meese vs Krysta Watson, Real Party In Interest*, Writ of Prohibition.

40. The Debtor's bankruptcy petition at the Statement of Financial Affairs asks "Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs? Debtor answers the question "No." Bankr. Docket #1, Ques. No. 18, at p. 42.

41. Contrary to said petition declaration, Debtor transferred the Subject Property by the 1/22/20 JT QC Deed.

42. The Debtor's bankruptcy petition at the Statement of Financial Affairs asks "Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business? ___ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time ___ A member of a limited liability company (LLC) or limited liability partnership (LLP)...." Debtor answers the question "No." Bankr. Docket #1, Ques. No. 27, at p. 43.

43. Contrary to said petition declaration, Debtor held (according to her tax returns) an interest in a real property rental as of tax years 2018, 2019, and as a member/owner of DKG as of January 21, 2020.

44. The Debtor's bankruptcy petition at the Statement of Your Current Monthly Income asks "What is your marital and filing status? Check one only.... ___ Married and your spouse is NOT filing with you. ..You and your spouse are: .... ___ Living separately or are legally separated. Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B)." Debtor answers the question "Married" and "Living separately or are legally separated..." Bankr. Docket #1, Ques. No. 1, at p. 47.2020.

45. Contrary to said petition declaration, Debtor is married and is not separated from her husband as of the petition date. Debtor married Dustin Lee Gentry on March 18, 2020.

46. At the December 22, 2020, 11 U.S.C. § 341 first meeting of creditors, Debtor testified under oath that Debtor's Petition for Relief and accompanying Schedules and Statement of Financial Affairs filed were true, accurate and complete.

47. Debtor's Petition for Relief, accompanying Schedules and Statement of Financial Affairs, all associated bankruptcy documents and amendments thereto were all signed under penalty of perjury whereby Debtor attested to the truth and accuracy of the documents.

48. Debtor failed to list and schedule all property interests as required by the Bankruptcy Code and Rules.

49. Debtor failed to disclose significant assets as required by the Bankruptcy Code and Rules.

50. Debtor has given false oath as to the information required in the bankruptcy forms, and by the Bankruptcy Code and Rules.

## COUNT I
### (Action to Deny Discharge)[1]

For his First Count for relief against the Debtor, the Trustee incorporates the allegations set forth above as if fully restated herein and further alleges and states as follows:

---

[1] Count numbers and descriptions are for ease of reference only and are not for limitation of the claims which any facts herein alleged or hereafter developed may support against any defendant.

51. Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—(A) property of the Debtor, within one year before the date of the filing of the petition, contrary to 11 U.S.C. § 727(a)(2).

52. Debtor has knowingly and fraudulently, in or in connection with the case made a false oath in violation of section 11 U.S.C. § 727(a)(4)(A).

## COUNT II
### (Action to Avoid Fraudulent Transfer)

For his Second Count against the Debtor, DKG and Debtor's Parents, the Trustee incorporates the allegations set forth above and further alleges and states as follows:

53. The Debtor's transfer of the Subject Property to Debtor's Parents by the 1/22/20 JT QC Deed, was a transfer of an interest of the Debtor in property, that was made or incurred on or within 2 years before the date of the filing of the Petition.

54. The Debtor voluntarily or involuntarily – made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

55. The Debtor received less than a reasonably equivalent value in exchange for such transfer or obligation.

56. The Debtor was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

9

57. The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital.

58. The subsequent transfer of the Subject Property from Debtor's Parents to DKG was not a transfer for value and in good faith and DKG, as transferee, gave no value to Debtor in exchange for such transfer.

59. Debtor's transfer of the Subject Property is a fraudulent transfer subject to avoidance by the Trustee pursuant to 11 U.S.C. § 548.

60. Debtor's transfer of the Subject Property is otherwise a fraudulent transfer subject to avoidance by the Trustee under applicable Oklahoma law available to the Trustee pursuant to 11 U.S.C. § 544.

61. Debtor's Parents and DKG are liable to the Estate for either the return of the Subject Property or the value thereof pursuant to 11 U.S.C. §§ 548 and 550.

62. The value of the Subject Property at the time of transfer was not less than $329,500.00 based upon the market value established at that time by the Oklahoma County Assessor.

63. In the event, for any reason, the Trustee is no longer able to recover the full value of the Subject Property at the time of transfer by liquidation of the Subject Property, then the Trustee seeks recovery of said value of the Subject Property at the time of transfer.

## COUNT III
### (Action for Turnover of Property and/or Funds)

For his Third Count against the Debtor and DKG, the Trustee incorporates the allegations set forth above and further alleges and states as follows:

64. Pursuant to 11 U.S.C. §542(a) any entity "in possession, custody or control, during the case," of property of the estate "shall deliver to the trustee, and account for, such property or the value of such property." Property of the estate consist of "all legal or equitable interests of the debtor in property as of the commencement of the case" "wherever located and by whomever held." 11 U.S.C. §541(a)(1).

65. In the event the Subject Property is not otherwise recoverable by the Trustee as alleged above, then Debtor's interest in the property as owner of DKG is subject to turnover pursuant to 11 U.S.C. §542(a).

## PRAYER FOR RELIEF

WHEREFORE, The Trustee prays that the Court enter judgment as follows:

a. Denying the Discharge of the Debtor, KRYSTA NICOLE GENTRY, for violation of 11 U.S.C. §§ 727(a)(2) and (a)(4)(A);

b. Avoiding in favor of the estate, the Debtor's transfer of the Subject Property to WILLIAM T. HOLLIS and PAMELA SUE HOLLIS by the 1/22/20 JT QC Deed pursuant to 11 U.S.C. §§ 544 and 548 and ordering recovery from WILLIAM T. HOLLIS, PAMELA SUE HOLLIS and DKG INVESTMENTS, LLC., either the return of the Subject Property or $329,500.00 as the value thereof, subject to the estate receiving only a single satisfaction, pursuant to 11 U.S.C. §§ 544, 548 and 550;

11

    c.    In the alternative, if the Subject Property is not otherwise recoverable by the Trustee as alleged above, then judgment directing the turnover of Debtor's interest in the Subject Property, as owner of DKG, pursuant to 11 U.S.C. § 542(a); and

    d.    Granting such other and further relief as this Court deems just, equitable and proper.

    Respectfully submitted,

    *s/ John Mashburn*
JOHN MASHBURN, OBA #12763
John D. Mashburn, Attorney at Law, P.C.
1616 E 19th Street, Suite 301A
Edmond, OK  73013
john@mashburnlaw.net
(405) 726-9795 Telephone
(405) 726-9796 Facsimile
ATTORNEY FOR TRUSTEE

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>JOHN MASHBURN, U.S. Bankruptcy Trustee of the Bankruptcy Estate of Krysta Nicole Gentry | **DEFENDANTS**<br>KRYSTA NICOLE GENTRY; WILLIAM T. HOLLIS; PAMELA SUE HOLLIS; and DKG INVESTMENTS, LLC. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>John D. Mashburn, OBA#12763<br>1616 E 19th Street, Suite 301A, Edmond, OK 73013<br>(405) 726-9795 Telephone | **ATTORNEYS** (If Known)<br>Stephen A Harry<br>3030 NW Expressway, Suite 200<br>Oklahoma City, OK 73112<br>405-694-4353 |
| **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Action to deny discharge, to avoid and recover fraudulent or preferential transfers and for turnover of property pursuant to 11 U.S.C. §§ 541, 542, 544, 548, 550, 727(a)(2) and 727(a)(4)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [3] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [1] 13-Recovery of money/property - §548 fraudulent transfer
- [ ] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [2] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $329,500.00 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>KRYSTA NICOLE GENTRY | | BANKRUPTCY CASE NO.<br>20-13708 SAH | |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF OKLAHOMA | | DIVISION OFFICE | NAME OF JUDGE<br>Sarah A. Hall |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*s/  John D. Mashburn* | | | |
| DATE<br>02/04/2021 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>John Mashburn | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.